IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOORISH SCIENCE TEMPLE OF AMERICA, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1935-P-BN |
| J.P. MORGAN CHASE BANK, N.A., ET AL., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Mikell Kelly Bey ("Kelly"), a trustee proceeding *pro se*, purportedly on behalf of the Moorish Science Temple of America ("Plaintiff"). The lawsuit generally contends that Defendant JPMorgan Chase Bank, N.A. and its counsel, McCarthy, Holthus & Ackerman L.L.C. engaged in the wrongful foreclosure of a home in Lancaster, Texas that is the religious property of Plaintiff. *See* Dkt. No. 12. The complaint also names as defendants Dallas County Justice of the Peace Thomas G. Jones and Dallas County District Judge D'Metria Benson, judicial officers that presided over the state forcible detainer action brought against Mikell Kelly Bey.

*See id.*

On May 28, 2014, Kelly tendered a complaint and an "Affidavit of Financial Statements" to the district clerk. *See* Dkt. Nos. 3 & 4. Because a corporation, association, or trust must be represented by a licensed attorney, and because the affidavit submitted by Kelly is insufficient to determine whether *in forma pauperis* status is appropriate, the undersigned sent a notice of deficiency. *See* Dkt. No. 6. Plaintiff was instructed that, by June 24, 2014, an attorney permitted to practice before this Court must enter his or her appearance on behalf of the Moorish Science Temple, or, without further notice, the undersigned will recommend that all claims be dismissed. *See id.* at 1-2. Plaintiff was also directed to submit a motion to proceed *in forma pauperis*. *See id.* at 2.

Kelly then filed three documents generally challenging the authority of the undersigned magistrate judge, asserting that he is entitled to free access to the courts and this Court's electronic case filing system, and otherwise containing non-responsive assertions of legal authority. *See* Dkt. Nos. 7, 8, & 11. Kelly then filed an amended complaint on behalf of Plaintiff, *see* Dkt. No. 12, and a motion to proceed *in forma pauperis* on behalf of himself, *see* Dkt. No. 15. Although permission to proceed *in forma pauperis* has not been granted, Plaintiff has not paid the filing fee, Plaintiff is not represented by counsel, and no defendants have been properly served, Defendant JPMorgan Chase Bank, N.A. has filed two motions to dismiss the case. *See* Dkt. Nos. 9 & 16.

The undersigned now concludes that the motion to proceed *in forma pauperis* [Dkt. No. 15] should be denied, and this case should be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Court's June 4, 2014 Notice of Deficiency and Order requiring Plaintiff to obtain licensed counsel. This dismissal should be without prejudice to Plaintiff's right to reopen the case if it pays the $350.00 filing fee and the $50.00 administrative fee within thirty (30) days of dismissal and an attorney permitted to practice before this Court enters his or her appearance on behalf of Plaintiff. The two pending motions to dismiss [Dkt. Nos. 9 & 16] should be denied without prejudice.

## Legal Standards

A district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *See Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). The Court enjoys limited discretion to grant or deny *in forma pauperis* status based on the financial resources of the litigant. *See Adkins v. E.I. Du Pont De Nemours & Co.,* 335 U.S. 331, 337 (1948).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott,*

157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons,* 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992).

**Analysis**

Motion to Proceed *In Forma Pauperis*

The motion to proceed *in forma pauperis* should be denied. First, 28 U.S.C. § 1915, providing for appearances *in forma pauperis,* by its own language, is limited to "persons." The Supreme Court has held that a only a natural person may qualify for treatment *in forma pauperis* under § 1915. *See Rowland v. California Men's Council, Unit II Men's Advisory Council,* 505 U.S. 194, 196 (1993) (holding that an association of prison inmates did not qualify as a "person" under § 1915, and expressly rejecting the argument that "person" in the context of § 1915 could include corporations, associations, and partnerships as well as individuals); *see also A.M.A.R.A. Temple of Moorish Sci. v. Deary,* No. 4:13-cv-624-O, 2013 WL 4734092, at *1 (N.D. Tex. Sept. 3, 2013) (denying *in forma pauperis* status to Moorish Science temple because the motion was submitted on behalf of *pro se* individual). Because the sole Plaintiff in this case is

the Moorish Science Temple of America, the *in forma pauperis* motion must be denied.

Moreover, even on review of the contents of the submitted motion to proceed *in forma pauperis*, the answer provided to every question regarding income, assets, and expenses was "0." *See* Dkt. No. 15. Kelly provided absolutely no responsive information about his income, assets, bank accounts, or expenses except to indicate that he is unemployed. *See id.* Because the IFP application does not provide information sufficient to enable the Court to make a determination as to whether any natural person qualifies – that is "an affidavit that includes a statement of all assets ... [and] that the person is unable to pay such fees or give security therefor" – the motion to proceed *in forma pauperis* must be denied.

Rule 41(b) Dismissal

Kelly was instructed by a June 4, 2014 Notice of Deficiency that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented," FED. R. CIV. P. 11(a), and that a corporation, association, or trust must be represented by a licensed attorney, *see* Dkt. No. 6 at 1 (citing cases). He was ordered that, "by June 24, 2014, an attorney permitted to practice before this Court must enter his or her appearance on behalf of the Moorish Science Temple, or, without further notice, the undersigned will recommend to the district judge that all claims be dismissed." *Id.* at 1-2. Although Kelly has submitted pleadings challenging the authority of the undersigned and asserting various claims, no attorney has entered an appearance on

behalf of Plaintiff in the nearly three months since the Notice of Deficiency and Order was entered.

Kelly is not a licensed attorney, and he may not represent the Moorish Science Temple of America in court. *See Deary*, 2013 WL 4734092, at *1 & n.4 (citing cases). And an organization cannot proceed *pro se* in this litigation. *Id.* at *1 & n.5 (citing cases); *see also Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982)). This litigation cannot proceed until counsel is obtained, and Kelly's failure to comply with the order requiring him to obtain counsel for Plaintiff Moorish Science Temple of America evinces a lack of interest in pursuing his claims in compliance with the rules and orders of this Court. Accordingly, dismissal under Federal Rule of Civil Procedure 41(b) is appropriate.

## Recommendation

The motion to proceed *in forma pauperis* [Dkt. No. 15] should be denied. This case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's June 4, 2014 Notice of Deficiency and Order requiring Plaintiff to obtain licensed counsel. This dismissal should be without prejudice to Plaintiff's right to reopen the case if it pays the $350.00 filing fee and the $50.00 administrative fee within thirty (30) days of dismissal and an attorney permitted to practice before this Court enters his or her appearance on behalf of Plaintiff. The two pending motions to dismiss [Dkt. Nos. 9 & 16] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 2, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE